# THE BOARD OF COUNTY COMMISSIONERS OF WASHOE COUNTY *v.* ANDREW J. HATCH, COUNTY SURVEYOR.

MANDAMUS IMPROPER WHERE EJECTMENT AFFORDS FULL REMEDY.   In a case where ejectment affords a plain, speedy and adequate remedy, as where county commissioners desire to eject a county officer from a room in the court house, mandamus can not be maintained.

This was an original application to the Supreme Court by Thomas K. Hymers, E. B. Towle and Peleg Brown, commissioners of Washoe County, for a mandamus to compel the county surveyor to vacate his room in the court house at Reno and remove to another room assigned him.   The petition set forth that the commissioners in 1873 appropriated to respondent a room on the second floor of the court house ; that at that time the business of said respondent as county surveyor required more space than at present on account of the unexhausted land grants from the

United States to the State of Nevada; that said grants had been exhausted and the business of the surveyor did not require so much room; that the commissioners themselves and the county assessor did not have sufficient office accommodations; that in consideration of such facts the commissioners on June 6, 1874, unanimously passed an order as follows:

"The county commissioners of Washoe County, having no office for the transaction of their official business as such commissioners and it being necessary that they have an office in the court house of the county, it is hereby ordered that the northeast room on the second floor of the court house now occupied by the county surveyor be and is hereby appropriated for the use of the county commissioners jointly with the assessor and that the room now occupied by the county assessor be and is hereby appropriated for the use and occupancy of the county surveyor, and that the county surveyor vacate said room now occupied by him and move into and occupy as his office the room now occupied by the county assessor, and that the county assessor vacate the room now occupied by him and move into and occupy as his office the room now occupied by the county surveyor, and that a copy of this order duly certified by the clerk of this board be served upon the county surveyor and county assessor by the sheriff of Washoe County."

The petition further set forth that the foregoing order was duly served on the surveyor and assessor; that the assessor was ready and willing to vacate his office and remove in accordance with the order; but that the respondent, the county surveyor, was unwilling and failed, neglected and refused to do so; that thereupon the commissioners passed a further order, as follows:

"Whereas, at the last regular meeting of this board an order was passed directing the county surveyor to vacate the office now occupied by him for the joint occupancy of the

county assessor and this board, and such order not having been obeyed. It is now ordered that the said office be so vacated within ten days from this date, and the district attorney is hereby directed to institute such legal proceedings as he may deem necessary to enforce the said order, if not complied with within the time above specified."

The petition further set forth that the respondent refused to obey the second order, as he had refused to obey the first one, and that he had expressed a determination, without regard to such orders, to occupy his room until January, 1875, and so long as he should continue to hold the office of county surveyor.

An alternative writ of mandamus was issued in accordance with the prayer of the petition, requiring the respondent to show cause on August 22, 1874, why he had not obeyed the orders of the commissioners. Respondent appeared at the appointed time and moved to quash and dismiss the writ on the grounds; first, that the application was not made by the real party in interest; second, that the proceeding was not one to compel the performance of an act which the law specially enjoined as a duty resulting from an office, trust or station, or to compel the admission of a party to the use and enjoyment of a right or office to which he was entitled; and, third, that there was a plain, speedy and adequate remedy in the ordinary course of law—by ejectment.

*Robert M. Clarke,* for Respondent.

*Wm M. Boardman,* District Attorney, and *Haydon & Cain,* for Relator.

By the Court, HAWLEY, J. :

Defendant moves to dismiss the alternative writ of mandamus issued herein. We are clearly of the opinion that this motion should be granted. If the board of county

commissioners has the full control and management of the several rooms in the court house, as claimed by plaintiff, (and for the purposes of this motion conceded by defendant,) it follows that when the room now occupied by defendant was assigned to him he became a tenant at will of the county, the board acting as its agent; and when the order was passed requiring him to vacate said room his tenancy ceased and he became a trespasser.

The plaintiff has the control and management of all suits for or against the county; and it is evident that by a suit of ejectment the county has a plain, speedy and adequate remedy at law.

The motion is granted.